**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LISANDRA ESCOBAR,**

       **Plaintiff,**

**v.**                                                    **Case No: 6:25-cv-1988-PGB-RMN**

**FLYING FOOD GROUP, LLC**
**and FLYING FOOD FARE, INC.,**

       **Defendants.**

               /

## ORDER

This cause comes before the Court upon jurisdictional review.

## I.   BACKGROUND

Plaintiff Lisandra Escobar ("**Plaintiff**") initiated this action against Defendants Flying Food Group, LLC ("**FFG LLC**") and Flying Food Fare, Inc. ("**FFF Inc.**") (collectively, the "**Defendants**") by filing suit in state court on September 15, 2025. (Doc. 1-1 (the "**Complaint**")). In due course, Defendants removed the action to the instant Court. (Doc. 1 (the "**Notice of Removal**")). Therein, Defendants assert that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and because "[t]here is complete diversity of citizenship" between Plaintiff and Defendants. (*Id.* ¶¶ 10–11).

In support of the complete diversity of the parties, Defendants assert that "Plaintiff was a citizen of the State of Florida at the time this action commenced[.]"

(*Id.* ¶ 10). Defendants further state that FFF Inc. is "a corporation formed under the laws of the State of Illinois" with a "principal place of business in the State of Illinois." (*Id.*). Finally, Defendants represent that FFG LLC is a "limited liability corporation formed under the laws of the State of Delaware." (*Id.*).

## II.   STANDARD OF REVIEW

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

The Court applies the following principles to determine the citizenship of a party for diversity purposes. First, an individual's citizenship is determined by domicile, which is established by residence plus an intent to remain. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002)). Residence alone is not enough. *Id.* (citation omitted). Further, "corporations are citizens in the states of their incorporation and their principal place of business." *Rolling Greens MHP, L.P. v. Comcast SCH*

*Holdings LLC*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)). Finally, a limited liability company is a citizen of each state of which a member of the company is a citizen. *Id.* at 1022. As such, to sufficiently allege an LLC's citizenship, a party must list *the citizenship of all the members of that entity*. *See, e.g., id.*

## III.  DISCUSSION

While the Notice of Removal appears to establish the requisite amount in controversy required for diversity jurisdiction, it fails to provide sufficient information to establish the complete diversity of the parties. (*See* Doc. 1, ¶¶ 10–11). Specifically, Defendants fail to provide adequate information for the Court to ascertain the citizenship of Defendant FFG LLC, since Defendants fail to list any of its members or any of the information required to ascertain such members' state(s) of citizenship. *See Rolling Greens*, 374 F.3d at 1022. Instead, Defendants merely provide that FFG LLC was "formed under the laws of the State of Delaware." (Doc. 1, ¶ 10). As a result of the foregoing, Defendants fail to establish the Court's subject matter jurisdiction over this action.

## IV.  CONCLUSION

Accordingly, Defendants Flying Food Group, LLC, and Flying Food Fare, Inc., are **ORDERED TO SHOW CAUSE** on or before **April 27, 2026**, why this case should not be remanded for lack of subject matter jurisdiction. Failure to respond to this Order or failure to establish that subject matter jurisdiction exists may result in the remand of this action without further notice.

3

**DONE AND ORDERED** in Orlando, Florida on April 20, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4